# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KAREN HENNING, )
as Administrator of the )
Estate of Derek Shockey, )
Deceased, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-04-044-KEW
 )
UNION PACIFIC RAILROAD )
COMPANY, )
 )
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on the limited remand from the Tenth Circuit Court of Appeals. On October 27, 2002, Decedent Derek Shockey ("Shockey") was driving a 1986 Honda Accord when he collided with a locomotive owned and operated by Defendant at the Shurley Street crossing in Sallisaw, Oklahoma. Shockey was 15 years old, not a licensed driver, and did not have permission from his parent to drive the vehicle at the time of the accident.

On February 2, 2004, Plaintiff[1] filed this action for the wrongful death of Shockey when a locomotive operated by Defendant struck the vehicle driven by Shockey at the Shurley Street crossing. Plaintiff alleged Defendant's negligence in various respects was the proximate cause of Shockey's death. A jury trial

---

    While this case was pending on appeal, Karen Henning was substituted as the representative party plaintiff in this case. This Court recognized the substitution by minute order entered December 15, 2006. At the time the case was tried before this Court, the named plaintiff was Teresa Henning.

was conducted in the case, resulting in a verdict returned in favor of Defendant as reflected in the Judgment entered October 28, 2005. This Court denied Plaintiff's request for a new trial. Plaintiff appealed.

In its decision dated July 23, 2008, the Tenth Circuit Court of Appeals affirmed this Court's decisions in the case (1) finding Plaintiff's claim for inadequate signalization at the crossing and negligent delay in installing signalization to be preempted by federal law; (2) omitting evidence that the dispatcher's tapes were destroyed; (3) omitting evidence of subsequent remedial measures; (4) providing the jury with the correct instructions as to the applicable law in the case; and (5) excluding evidence that Shockey did not possess a valid driver's license at the time of the collision.

The majority of the panel[2], however, found that allowing evidence that Shockey was 15 years old and did not have permission to drive the vehicle at the time of the accident was tantamount to permitting evidence that Shockey did not possess a valid driver's license. The Tenth Circuit remanded the case to this Court for consideration as to whether a new trial would have been granted based upon the introduction of this evidence to the jury.

---

A dissent was lodged to this portion of the decision by Judge Baldock, arguing that permitting this evidence was relevant as to Shockey's state of mind at the time of the collision as well as his knowledge, maturity, and experience as a driver. Judge Baldock found Oklahoma law permitted consideration of this evidence for purposes of assessing contributory negligence and would have affirmed the decisions.

The Tenth Circuit posited the question now before this Court as follows:

> The issue of Shockey's contributory negligence was a central aspect of the trial. Introducing Shockey's age in conjunction with evidence that he lacked permission to drive created the possibility that the jury relied on this impermissible basis to conclude he was negligent. Whether this error affected Henning's substantial rights, and thus warrants a new trial, is a question we leave for the district court to consider on remand under the proper standard. There is record evidence that Shockey was driving over twenty miles an hour when his car collided with the train, a speed inconsistent with stopping at the crossing. Thus, the district court may conclude the jury did not improperly infer negligence from impermissible evidence. Based on the posture of the case, however, this is a determination that must be made by the district court, as it is "uniquely able to assess the likelihood the [evidence] was prejudicial."
>
> Henning v. Union Pacific Railroad Co., 530 F.3d 1206, 1218-19 (10th Cir. 2008).

Mirroring the Tenth Circuit's stated standard on a request for new trial, should error be found in the admission of evidence, the jury's verdict will only be set aside "if the error prejudicially affects a substantial right of a party." Sanjuan v. IBP, Inc., 160 F.3d 1291, 1296 (10th Cir. 1998)(citation omitted). Evidence that is erroneously admitted "can only be prejudicial 'if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." Id. (citation omitted). "Erroneous admission of evidence is harmless only if other competent evidence is 'sufficiently strong' to permit the conclusion that the improper evidence had no effect on the

decision." Goebel v. Denver & Rio Grande W. R.R. Co., 215 F.3d 1083, 1089 (10th Cir. 2000)(citation omitted).

This Court specifically finds that the resulting jury verdict would not have been different had the evidence of Shockey's age and the lack of permission to use the vehicle at the time of the collision not been presented to the jury. The other overwhelmingly strong evidence at trial indicated (1) stop signs had been installed at the crossing since June of 2001; (2) Shockey would have been familiar with the crossing since he repeatedly traveled over it in order to get to school; (3) Shockey's vehicle was traveling at a rate of speed of approximately 20 miles per hour when it struck the train. The evidence indicated it was a virtual impossibility for Shockey's vehicle to be traveling at that rate of speed after having stopped at the stop sign; (4) Shockey's vision would not have been obstructed by vegetation at the crossing if he would have stopped and looked for the presence of a train; (5) the train sounded its horn well prior to the collision; (6) the engineer on the train testified he would have seen Shockey sitting at the stop sign if Shockey had stopped as nothing obstructed the engineer's view of the crossing; and (7) the conductor testified he was looking at the crossing for a quarter of a mile as the train approached it and he would have seen Shockey if he had stopped at the stop sign.

The overwhelmingly persuasive nature of this evidence

minimized the effect and relevancy of the two pieces of evidence the Tenth Circuit finds should have been excluded. Regardless of Shockey's age and the status of his parent's permission to use the vehicle, the evidence indicates Shockey failed to stop at the crossing of his own accord without negligence by the railroad. Accordingly, a new trial is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion for New Trial based upon the admission of Shockey's age and lack of permission to use the vehicle on the day of the collision is hereby **DENIED** under the prevailing standard.

IT IS SO ORDERED this 28th day of February, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE